Melvin JUHL, Ross Thompson, Jack Hills, Dominick Stellan, and Walter Berry, individually and as members of Bowesmont School Board, District Number 74, Plaintiffs and Appellants,

v.

Alice C. WELL, County Superintendent of Schools, Pembina County, North Dakota, and Pembina County Re-Organization Committee, Defendants and Respondents,

and

M. B. Gunderson, Mildred Hart, Alvin Warner, Percy Oakes, Ross Turner, as Members of the School Board of Pembina Special School District No. I of Pembina, North Dakota, Interveners and Respondents.

No. 7967.

Supreme Court of North Dakota.

Aug. 17, 1962.

Letness & Hansen, Grand Forks, for plaintiffs and appellants.

Robert L. Burke, Grafton, for defendants and respondents and interveners and respondents.

BURKE, Judge.

This is an appeal from an order denying an injunction. The facts are stipulated by the parties as follows:

"1. That pursuant to the statutes provided in Chapter 15–53 North Dakota Century Code, Annotated, a plan for redistricting was submitted to the Pembina County Re-Organization Committee, an election was called for on said plan on June 30, 1958, which was defeated by the vote of the people. That said plan and the election held thereon were in all respects regular and pursuant to the statutes provided for in Chapter 15–53, North Dakota Century Code, Annotated.

"2. That the same re-organization plan was again resubmitted to the Pembina County Re-Organization Committee, and again submitted to an election of the voters on March 24, 1959, at which time said re-organization plan was approved by said voters.

"3. That the second election on said re-organization plan was pursuant to the statutes provided in Chapter 15–53, North Dakota Century Code, Annotated, except that the following procedure, alleged to be irregular by said Plaintiffs, was followed by the Pembina County Re-Organization, to wit:

"(a) That the only material change effected in the re-organization plan, upon re-submission to the Pembina County Re-Organization Committee was from family transportation to a combination of family and bus transportation.

"(b) That a public hearing was not called by the Pembina County Re-Organization Committee before the plan was re-submitted to the voters at the election."

Upon this stipulation of facts two questions of statutory construction are submitted. They are:

"1. Can a re-organization plan, once defeated, be re-submitted to the voters without some revision?

"2. Can a defeated re-organization plan be again submitted to the electors without having the public hearing provided for in Section 15-5309 of the 1957 Supplement to the North Dakota Revised Code?"

■ County Committees for the reorganization of school districts are provided for by statute. Section 15-53-05 NDCC. It is the duty of the county committee to make a comprehensive study of the county school system and to consider and propose plans for the reorganization of school districts. Sec. 15-53-07 NDCC. Whenever a county committee makes a proposal for the reorganization of school districts a public hearing must be called, pursuant to due notice, to consider the advisability of the proposal. At such hearing the committee must hear the testimony of persons interested relating to any issue involved in the proposed action. It must also keep a record of the hearing and make findings of fact. Sec. 15-53-09 NDCC. After the hearing upon proposed plan the county committee is directed to prepare and submit to the state committee a comprehensive plan for the reorganization of school districts. Sec. 15-53-10 NDCC. If the state committee approves the plan it transmits a copy of the plan to the County Superintendent of Schools. Sec. 15-53-13 NDCC. The County Superintendent, upon receipt of the plan, is required to call an election for the submission of the plan to the electors residing in the district. Sec. 15-53-14 NDCC.

Section 15-53-16 NDCC provides for further action in case the plan is rejected. This section reads as follows:

"If a proposal for the formation of a new school district is rejected by the voters at the election provided for in section 15-53-14, the county committee may make such revision as it deems advisable in the boundaries proposed for such new district and in the terms of adjustment of the property, debts and liabilities thereof, as the case may be, and submit the same to the state committee for approval. If the boundaries of the proposed new district or the terms of adjustment, as the case may be, as revised, are approved by the state committee, notice thereof shall be transmitted to the county superintendent, as provided for in section 15-53-13. Upon receipt of such notice the county superintendent shall call, in the manner and for the purpose specified in section 15-53-14, a special election of the voters residing within the revised boundaries of the proposed new district. If a majority of all votes cast by the electors residing within the rural area of a proposed new district and a majority of all votes cast by electors within the incorporated area of the proposed new district are both in favor of the formation of the district, the county superintendent shall proceed to organize and establish such district and to perform the necessary duties related thereto in the same manner and to the same effect as it is provided in section 15-53-14."

The parties agree, that under the provisions of the above section, a defeated reorganization plan may be amended, with respect to boundaries and adjustment of property and liabilities and upon approval of the amendments by the state committee, submitted to the electors of the proposed new district at a second election, without the necessity of a second public hearing. Appellants, however, would treat this section as being prohibitory in character. They say that the statutory permission to alter the plan in certain respects is a prohibition against altering the plan in any other manner and that the permission to submit an altered plan bans the resubmission of an unaltered one.

■ We do not agree. A defeated reorganization plan may be resubmitted and adopted at a second election unless the statute prohibits further proceedings for a specified time. 78 C.J.S. Schools and School Districts, § 41, p. 720: Wall v. County Board of Ed. of Johnson Co., 249 Iowa 209, 86 N.W.2d 231. The only such limitation contained in Chapter 15-53 is section 15-53-23 which, with certain exceptions, prohibits changing the boundaries of a reorganized district for five years. In our view, it would be most unreasonable to say that a statutory permission to make changes in a plan before its resubmission to the electorate bars resubmitting the plan without changes. The statute contemplates a possible resubmission, and in order that there may be no question about it, permits amendments in the most critical aspects of the plan which are the boundaries of the new district and the apportionment of assets and liabilities. The rule, that the expression of one thing in a statute excludes all others, should be applied only where it appears to point to legislative intent. City of Dickinson v. Thress, 69 N.D. 748, 290 N.W. 653. Thus the rule does not apply if there is some special reason for mentioning one thing and none for mentioning a second. State ex rel. Whitlock v. State Board of Equalization, 100 Mont. 72, 45 P.2d 684. Here there was a special reason for allowing the amendment of a plan with respect to its most controversial provisions before resubmission. Such a permission does not prohibit amendments in minor or less controversial areas before resubmission, or the resubmission of an unamended plan.

We are also agreed that a reorganization plan, after it has been defeated at an election, may be resubmitted at a second election without the necessity of calling another public hearing. The statute (Sec. 15-53-09 NDCC) only contemplates one public hearing. This hearing is to be held upon the original tentative plan submitted by the county committee. At this hearing the county committee takes testimony relative to the territory to be included in the reorganized district and as to the apportionment of assets and liabilities. The county committee is required to keep a record and make findings of fact. After hearing the county committee prepares the reorganization plan which is submitted to the state committee for approval. No public hearing is required upon this final draft before submission to the electorate Sec. 15-53-10 NDCC. Likewise, Sec. 15-53-16 NDCC permits the resubmission of plans which have been amended in major respects without the holding of a second public hearing. In view of this situation we find no basis whatever for holding that the statute by implication requires a second public hearing where the plan is not amended or is amended in minor respects before resubmission.

The order of the district court is therefore affirmed.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.